**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**

| State of Illinois | ) |
| County of St. Clair | ) S.S. |

Case Number _____

Amount Claimed  excess of $50,000.00

| | |
|---|---|
| Pauline M. Pestka | St. Elizabeth's Hospital of the Hospital |
| | Hospital Sisters of the Third Order |
| | of St. Francis, Crystal M. Carmichael, M.D., |
| VS | |
| | Adrian Barcus, M.D., and Anwar Khan, M.D. |
| Plaintiff(s) | Defendant(s) |

Classification Prefix ____L____ Code __01__   Nature of Action __Med.Mal.__ Code __Law 13__

Pltf. Atty. Lawrence J. Hess _____ Code _____
Address The Rex Carr Law Firm, LLC, 412 Missouri Avenue
City East St. Louis, IL 62201 _____ Phone 618/274-0434
Add. Pltf. Atty. _____ Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME  Adrian Barcus, M.D.

ADDRESS 310 West Losey Street

**SUMMONS COPY**

To the above named defendant(s)......:

CITY & STATE Scott AFB, IL 62225

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 11-9- 20 10

Brendan Kelly

Clerk of Court

**SEAL**

BY DEPUTY: _____

DATE OF SERVICE: __11-26-__ 20 10
(To be inserted by officer on copy left with defendant or other person)   2:37 PM

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $15,000- - -SEE REVERSE SIDE**

CC-MR-1

Exhibit A

## NOTICE TO DEFENDANTS (Pursuant to Supreme Court Rule)

In a civil action for money (under $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney at the office of the Circuit Clerk, #10 Public Square, P.O. Box 8445, Belleville, Illinois 62222-8445.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Court Clerk or the Sheriff's office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, write to plaintiff or his attorney of your desire to do so. Request that he appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request at the Court Clerk or the Sheriff, as only the court can dismiss a case, and then only with a proper court order which must be entered in open Court.

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

PAULINE M. PESTKA,                              )
                                                )
                    Plaintiff,                  )
                                                )
vs.                                             )       CAUSE NO. _10 L 584_
                                                )
ST. ELIZABETH'S HOSPITAL OF THE                 )
HOSPITAL SISTERS OF THE THIRD                   )
ORDER OF ST. FRANCIS, CRYSTAL M.                )
CARMICHAEL, M.D., ADRIAN BARCUS,                )
M.D., and ANWAR KHAN, M.D.,                     )
                                                )
                    Defendants.                 )

**FILED**
ST. CLAIR COUNTY

NOV 0 8 2010

1

*Barbara F. Kelly*
CIRCUIT CLERK

## COMPLAINT

## COUNT I

Comes now Plaintiff, Pauline M. Pestka, by and through her attorneys,

Lawrence J. Hess and The Rex Carr Law Firm, LLC, and states the following

for Count I of her Complaint against Defendant, St. Elizabeth's Hospital of

The Hospital Sisters of The Third Order of St. Francis:

1.      On December 6, 2008 and thereafter, Plaintiff, Pauline M.

Pestka, was a patient at  St. Elizabeth's Hospital in Belleville, Illinois, which

hospital is owned and operated by St. Elizabeth's Hospital of The Hospital

Sisters of The Third Order of St. Francis, a not-for-profit corporation,

authorized by the State of Illinois to provide nursing and hospital care to

Page 1 of 9

patients admitted therein.

    2.    At all times relevant herein, Defendant, St. Elizabeth's Hospital of The Hospital Sisters of The Third Order of St. Francis, by and through its agents, servants, and/or employees, owed a duty to Plaintiff, Pauline M. Pestka, of protection and the exercise of reasonable care toward her as her known condition required, while doing what a reasonably careful hospital would do under similar circumstances.

    3.    While Plaintiff, Pauline M. Pestka, was a patient at said defendant hospital, Defendant, St. Elizabeth's Hospital of The Hospital Sisters of The Third Order of St. Francis, acting by and through its agents, servants, and/or employees, breached its duty to Plaintiff, Pauline M. Pestka, by committing one or more of the following negligent acts and/or omissions:

    a.    Failed to accurately transfer Dr. James Rushford's discharge instructions to the computer orders;

    b.    Failed to accurately communicate Dr. James Rushford's discharge instructions regarding no active abduction exercises to the St. Elizabeth's Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit;

    c.    Failed to advocate for Pauline Pestka by not communicating to Dr. Kahn to include Dr. Rushford's discharge instructions regarding no active abduction exercises in the admission orders at the Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit, and specifically in the therapy orders to include Dr. Rushford's discharge instructions;

    d.    Failed to instruct Pauline Pestka regarding no active abduction exercises for six weeks;

    e.    Failed to instruct Pauline Pestka's daughter, Jeanne Lochmiller, regarding no active abduction exercises for six weeks; and/or

    f.    Failed to follow Dr. Rushford's discharge instructions for no active abduction exercises for six weeks.

4.    As a direct and proximate result of the negligence of the Defendant, St. Elizabeth's Hospital of The Hospital Sisters of The Third Order of St. Francis, by and through its servants, agents, and/or employees, Plaintiff, Pauline M. Pestka, suffered an additional fracture to her right lower extremity; she has incurred large sums of medical/hospital and other bills in the past and is reasonably expected to incur same in the future; she has suffered with unnecessary pain, suffering, and emotional distress in the past and will continue to suffer same in the future; and she is now permanently disabled and in need of nursing home care.

5.    Attached hereto and incorporated herein is an Affidavit/Medical Report Pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, Pauline M. Pestka, requests that this Court enter judgment in her favor and against the Defendant, St. Elizabeth's Hospital of The Hospital Sisters of The Third Order of St. Francis, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF 12 ON ALL ISSUES.**

## COUNT II

Comes now Plaintiff, Pauline M. Pestka, by and through her attorneys, Lawrence J. Hess and The Rex Carr Law Firm, LLC, and states the following for Count II of her Complaint against Defendant, Crystal M. Carmichael, M.D.:

1.     At all relevant times herein, Defendant, Crystal M. Carmichael, M.D., was a medical doctor licensed to practice medicine in the State of Illinois.

2.     At all relevant times herein, Plaintiff, Pauline M. Pestka, had a physician/patient relationship with Defendant, Crystal M. Carmichael, M.D.

3.     In December of 2008, Plaintiff, Pauline M. Pestka, came under the medical care and treatment of Defendant, Crystal M. Carmichael, M.D.

4.     At all times relevant herein, Defendant, Crystal M. Carmichael, M.D., owed a duty to Plaintiff, Pauline M. Pestka, to exercise that degree of knowledge, skill, and medical care ordinarily used by a reasonably well-qualified physician under similar circumstances.

5.     At all times relevant herein, Defendant, Crystal M. Carmichael, M.D., violated her duty of care to Plaintiff, Pauline M. Pestka, by committing one or more of the following negligent acts or omissions:

   a.     Failed to communicate Dr. James Rushford's discharge
          instructions regarding no active abduction exercises for six
          weeks in the transfer orders from St. Elizabeth's Hospital's

acute admission to the St. Elizabeth's Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit admission on December 10, 2008;

b.    Failed to write an order to follow Dr. Rushford's discharge instructions; and/or

c.    Failed to write an order for physical therapy to contact Dr. Rushford regarding his instructions and restrictions, including no active abduction exercises for six weeks.

6.    As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Crystal M. Carmichael, M.D., Plaintiff, Pauline M. Pestka, suffered an additional fracture to her right lower extremity; she has incurred large sums of medical/hospital and other bills in the past and is reasonably expected to incur same in the future; she has suffered with unnecessary pain, suffering, and emotional distress in the past and will continue to suffer same in the future; and she is now permanently disabled and in need of nursing home care.

7.    Attached hereto and incorporated herein is an Affidavit/Medical Report Pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, Pauline M. Pestka, requests that this Court enter judgment in her favor and against Defendant, Crystal M. Carmichael, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF 12 ON ALL ISSUES.**

## COUNT III

Comes now Plaintiff, Pauline M. Pestka, by and through her attorneys, Lawrence J. Hess and The Rex Carr Law Firm, LLC, and states the following for Count III of her Complaint against Defendant, Adrian Barcus, M.D.

1.     At all relevant times herein, Defendant, Adrian Barcus, M.D., was a medical doctor licensed to practice medicine in the State of Illinois.

2.     At all relevant times herein, Plaintiff, Pauline M. Pestka, had a physician/patient relationship with Defendant, Adrian Barcus, M.D.

3.     In December of 2008, Plaintiff, Pauline M. Pestka, came under the medical care and treatment of Defendant, Adrian Barcus, M.D.

4.     At all times relevant herein, Defendant, Adrian Barcus, M.D., owed a duty to Plaintiff, Pauline M. Pestka, to exercise that degree of knowledge, skill, and medical care ordinarily used by a reasonably well-qualified physician under similar circumstances.

5.     At all times relevant herein, Defendant, Adrian Barcus, M.D., violated his duty of care to Plaintiff, Pauline M. Pestka, by committing one or more of the following negligent acts or omissions:

   a.     Failed to communicate Dr. James Rushford's discharge instructions regarding no active abduction exercises for six weeks in the transfer orders from St. Elizabeth's Hospital's acute admission to the St. Elizabeth's Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit admission on December 10, 2008;

b.   Failed to write an order to follow Dr. Rushford's discharge instructions; and/or

c.   Failed to write an order for physical therapy to contact Dr. Rushford regarding his instructions and restrictions, including no active abduction exercises for six weeks.

6.    As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Adrian Barcus, M.D., Plaintiff, Pauline M. Pestka, suffered an additional fracture to her right lower extremity; she has incurred large sums of medical/hospital and other bills in the past and is reasonably expected to incur same in the future; she has suffered with unnecessary pain, suffering, and emotional distress in the past and will continue to suffer same in the future; and she is now permanently disabled and in need of nursing home care.

7.    Attached hereto and incorporated herein is an Affidavit/Medical Report Pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, Pauline M. Pestka, requests that this Court enter judgment in her favor and against Defendant, Adrian Barcus, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF 12 ON ALL ISSUES.**

## COUNT IV

Comes now Plaintiff, Pauline M. Pestka, by and through her attorneys,

Lawrence J. Hess and The Rex Carr Law Firm, LLC, and states the following for Count IV of her Complaint against Defendant, Anwar Khan, M.D.:

1.     At all relevant times herein, Defendant, Anwar Khan, M.D., was a medical doctor licensed to practice medicine in the State of Illinois.

2.     At all relevant times herein, Plaintiff, Pauline M. Pestka, had a physician/patient relationship with Defendant, Anwar Khan, M.D.

3.     In December of 2008, Plaintiff, Pauline M. Pestka, came under the medical care and treatment of Defendant, Anwar Khan, M.D.

4.     At all times relevant herein, Defendant, Anwar Khan, M.D., owed a duty to Plaintiff, Pauline M. Pestka, to exercise that degree of knowledge, skill, and medical care ordinarily used by a reasonably well-qualified physician under similar circumstances.

5.     At all times relevant herein, Defendant, Anwar Khan, M.D., violated his duty of care to Plaintiff, Pauline M. Pestka, by committing one or more of the following negligent acts or omissions:

      a.     Failed to include Dr. James Rushford's discharge instructions from the acute care admission regarding no active abduction exercises for six weeks in his admission orders to St. Elizabeth Hospital's Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit, on December 10, 2008.

6.     As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Anwar Khan, M.D., Plaintiff, Pauline M.

Pestka, suffered an additional fracture to her right lower extremity; she has incurred large sums of medical/hospital and other bills in the past and is reasonably expected to incur same in the future; she has suffered with unnecessary pain, suffering, and emotional distress in the past and will continue to suffer same in the future; and she is now permanently disabled and in need of nursing home care.

7.      Attached hereto and incorporated herein is an Affidavit/Medical Report Pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, Pauline M. Pestka, requests that this Court enter judgment in her favor and against Defendant, Anwar Khan, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF 12 ON ALL ISSUES.**

Lawrence J. Hess, IL Bar # 6274416
Of Counsel
The Rex Carr Law Firm, LLC
412 Missouri Avenue
East St. Louis, Illinois 62201
618/274-0434 (telephone)
618/274-8369 (facsimile)
lhess@rexcarr.com

Attorneys for Plaintiff, Pauline M. Pestka

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| PAULINE M. PESTKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CAUSE NO. _____ |
| | ) |
| ST. ELIZABETH'S HOSPITAL OF THE | ) |
| HOSPITAL SISTERS OF THE THIRD ORDER | ) |
| OF ST. FRANCIS, CRYSTAL M. | ) |
| CARMICHAEL, M.D., ADRIAN BARCUS, | ) |
| M.D., and ANWAR KHAN, M.D., | ) |
| | ) |
| Defendants. | ) |

## <u>AFFIDAVIT</u>

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )   SS. |
| COUNTY OF ST. CLAIR | ) |

Lawrence J. Hess, being first duly sworn on oath, states and deposes

that he is the attorney of record for Plaintiff in the above cause, and further

states that the aggregate amount of damages sought in this cause is IN

EXCESS OF FIFTY THOUSAND ($50,000.00) DOLLARS.

_____
LAWRENCE J. HESS

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 5th

day of _November_, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

```
OFFICIAL SEAL
BEVERLY L. REDD-BATES
Notary Public - State of Illinois
My Commission Expires May 11, 2011
```

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

PAULINE M. PESTKA,                                        )
                                                          )
        Plaintiff,                              )
                                                          )
vs.                                                       )
                                                          )   CAUSE NO. _____
ST. ELIZABETH'S HOSPITAL OF THE                           )
HOSPITAL SISTERS OF THE THIRD ORDER                       )
OF ST. FRANCIS, CRYSTAL M.                                )
CARMICHAEL, M.D., ADRIAN BARCUS,                          )
M.D., and ANWAR KHAN, M.D.,                               )
                                                          )
        Defendants.                             )

## AFFIDAVIT

STATE OF ILLINOIS    )
                  ) SS
COUNTY OF ST. CLAIR )

    Your affiant, Lawrence J. Hess, makes this Affidavit pursuant to the

Illinois Code of Civil Procedure, Section 2-622, and on oath states as

follows:

    1.    I am the Plaintiff's attorney in the above-captioned cause.

    2.    This Affidavit is filed pursuant to section 2-622(a)(1).

    3.    Your affiant has consulted and reviewed the facts of this case

against ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE

THIRD ORDER OF ST. FRANCIS, with a health professional who the affiant

Page 1 of 2

reasonably believes:  (i) is knowledgeable in the relevant issues involved in this particular action; (ii) practices or has practiced within the last six (6) years in the same area of healthcare or medicine that is at issue in this particular action; and (iii) is qualified by experience and has demonstrated competence in the subject of this case.

4.    The reviewing health professional has determined in a written report, attached hereto, after a review of the medical records and other relevant materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action.

5.    Your affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

6.    The reviewing physician is a medical doctor licensed to practice medicine in all of its branches.

_____
LAWRENCE J. HESS

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 5th day of November, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

OFFICIAL SEAL
BEVERLY L. REDD-BATES
Notary Public - State of Illinois
My Commission Expires May 11, 2011

Page 2 of 2

## REPORT PREPARED PUSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in all of its branches in the State of Illinois and Board Certified in Family Practice Medicine. I have reviewed the medical and hospital records and other relevant data on **Pauline Pestka**. It is my professional opinion that there exists reasonable and meritorious cause for the filing of a professional negligence lawsuit against **St. Elizabeth's Hospital of The Hospital Sisters of The Third Order of St. Francis**. The reasons for my determination are that St. Elizabeth's Hospital by and through its nursing personnel, employees, contractors, and/or agents deviated from the standard of care by the following:

- It failed to accurately transfer Dr. James Rushford's Discharge Instructions to the computer orders.

- It failed to accurately communicate Dr. James Rushford's Discharge Instructions regarding no active abduction exercises to the Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit.

- It failed to advocate for Pauline Pestka by not communicating to Dr. Khan to include Dr. Rushford's Discharge Instructions regarding no active abduction exercises in the admission orders at the Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit and specifically in the therapy orders to include Dr. Rushford's Discharge Instructions.

- It failed to instruct Pauline Pestka regarding no active abduction exercises for six weeks.

- It failed to instruct Pauline Pestka's daughter, Jeanne Lochmiller, regarding no active abduction exercises for six weeks.

- It failed to follow Dr. Rushford's Discharge Instructions for no active abduction exercises for six weeks.

These deviations from the standard of care caused or contributed to cause injury to Pauline Pestka.

Dr. Finley W. Brown, MD
2511 North Kedzie Avenue
Chicago, IL 60647

Date: _Oct 30_ , 2010

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| PAULINE M. PESTKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CAUSE NO. _____ |
| | ) |
| ST. ELIZABETH'S HOSPITAL OF THE | ) |
| HOSPITAL SISTERS OF THE THIRD ORDER | ) |
| OF ST. FRANCIS, CRYSTAL M. | ) |
| CARMICHAEL, M.D., ADRIAN BARCUS, | ) |
| M.D., and ANWAR KHAN, M.D., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF ST. CLAIR | ) |

Your affiant, Lawrence J. Hess, makes this Affidavit pursuant to the

Illinois Code of Civil Procedure, Section 2-622, and on oath states as

follows:

1.     I am the Plaintiff's attorney in the above-captioned cause.

2.     This Affidavit is filed pursuant to section 2-622(a)(1).

3.     Your affiant has consulted and reviewed the facts of this case

against CRYSTAL M. CARMICHAEL, M.D., with a health professional who the

affiant reasonably believes:  (i) is knowledgeable in the relevant issues

Page 1 of 2

involved in this particular action; (ii) practices or has practiced within the last six (6) years in the same area of healthcare or medicine that is at issue in this particular action; and (iii) is qualified by experience and has demonstrated competence in the subject of this case.

4.     The reviewing health professional has determined in a written report, attached hereto, after a review of the medical records and other relevant materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action.

5.     Your affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

6.     The reviewing physician is a medical doctor licensed to practice medicine in all of its branches.

_____
LAWRENCE J. HESS

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 5th_____ day of _November_____, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

```
OFFICIAL SEAL
BEVERLY L. REDD-BATES
Notary Public - State of Illinois
My Commission Expires May 11, 2011
```

Page 2 of 2

## REPORT PREPARED PUSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in all of its branches in the State of Illinois and Board Certified in Family Practice Medicine.  I have reviewed the medical and hospital records and other relevant data on **Pauline Pestka**  It is my professional opinion that there exists reasonable and meritorious cause for the filing of a professional negligence lawsuit against **Crystal Carmicheal, MD.**   The reasons for my determination are that **Dr. Carmicheal** deviated from the standard of care by the following:

> She failed to communicate  Dr. James Rushford's Discharge Instructions regarding no active abduction exercises for six weeks in the transfer orders from St. Elizabeth Hospital's acute admission to the St. Elizabeth's Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit admission on December 10, 2008.
>
> She failed to write an order to follow Dr. Rushford's Discharge Instructions.
>
> She failed to write an order for physical therapy to contact Dr. Rushford regarding his instructions and restrictions including no active abduction exercises for six weeks.

This deviation from the standard of care caused or contributed to cause injury to Pauline Pestka..

Finley W. Brown, Jr., MD
2511 North Kedzie Avenue
Chicago, IL 60647

Date: July 1 , 2010

# IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

PAULINE M. PESTKA,                    )
                                      )
      Plaintiff,                     )
                                      )
vs.                                   )   CAUSE NO. _____
                                      )
ST. ELIZABETH'S HOSPITAL OF THE       )
HOSPITAL SISTERS OF THE THIRD ORDER   )
OF ST. FRANCIS, CRYSTAL M.            )
CARMICHAEL, M.D., ADRIAN BARCUS,      )
M.D., and ANWAR KHAN, M.D.,           )
                                      )
      Defendants.                    )

## <u>AFFIDAVIT</u>

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

      Your affiant, Lawrence J. Hess, makes this Affidavit pursuant to the

Illinois Code of Civil Procedure, Section 2-622, and on oath states as

follows:

      1.     I am the Plaintiff's attorney in the above-captioned cause.

      2.     This Affidavit is filed pursuant to section 2-622(a)(1).

      3.     Your affiant has consulted and reviewed the facts of this case

against ADRIAN BARCUS, M.D., with a health professional who the affiant

reasonably believes:  (i) is knowledgeable in the relevant issues involved in

Page 1 of 2

this particular action; (ii) practices or has practiced within the last six (6) years in the same area of healthcare or medicine that is at issue in this particular action; and (iii) is qualified by experience and has demonstrated competence in the subject of this case.

4.    The reviewing health professional has determined in a written report, attached hereto, after a review of the medical records and other relevant materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action.

5.    Your affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

6.    The reviewing physician is a medical doctor licensed to practice medicine in all of its branches.

_____
LAWRENCE J. HESS

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 5th _____ day of _November_ , 2010.

_____
NOTARY PUBLIC

My Commission Expires:

```
OFFICIAL SEAL
BEVERLY L. REDD-BATES
Notary Public - State of Illinois
My Commission Expires May 11, 2011
```

Page 2 of 2

## REPORT PREPARED PUSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in all of its branches in the State of Illinois and Board Certified in Family Practice Medicine.  I have reviewed the medical and hospital records and other relevant data on **Pauline Pestka**   It is my professional opinion that there exists reasonable and meritorious cause for the filing of a professional negligence lawsuit against **Adrian Barcus, MD.**  The reasons for my determination are that **Dr. Barcus** deviated from the standard of care by the following:

> Dr. Barcus failed to communicate  Dr. James Rushford's Discharge Instructions regarding no active  abduction exercises for six weeks in the transfer orders from St. Elizabeth Hospital's acute admission to the St. Elizabeth's Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit admission on December 10, 2008.

> Dr. Barcus failed to write an order to follow Dr. Rushford's Discharge Instructions.

> Dr. Barcus failed to write an order for physical therapy to contact Dr. Rushford regarding his instructions and restrictions including no active abduction exercises for six weeks.

This deviation from the standard of care caused or contributed to cause injury to Pauline Pestka.

Finley W. Brown, Jr., MD
2511 North Kedzie Avenue
Chicago, IL 60647

Date: July 1 , 2010

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| PAULINE M. PESTKA,<br><br>   Plaintiff,<br><br>vs. .<br><br>ST. ELIZABETH'S HOSPITAL OF THE<br>HOSPITAL SISTERS OF THE THIRD ORDER<br>OF ST. FRANCIS, CRYSTAL M.<br>CARMICHAEL, M.D., ADRIAN BARCUS,<br>M.D., and ANWAR KHAN, M.D.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**AFFIDAVIT**</u>

STATE OF ILLINOIS  )
        ) SS
COUNTY OF ST. CLAIR )

  Your affiant, Lawrence J. Hess, makes this Affidavit pursuant to the

Illinois Code of Civil Procedure, Section 2-622, and on oath states as

follows:

  1.  I am the Plaintiff's attorney in the above-captioned cause.

  2.  This Affidavit is filed pursuant to section 2-622(a)(1).

  3.  Your affiant has consulted and reviewed the facts of this case

against ANWAR KHAN, M.D., with a health professional who the affiant

reasonably believes:  (i) is knowledgeable in the relevant issues involved in

Page 1 of 2

this particular action; (ii) practices or has practiced within the last six (6) years in the same area of healthcare or medicine that is at issue in this particular action; and (iii) is qualified by experience and has demonstrated competence in the subject of this case.

4.    The reviewing health professional has determined in a written report, attached hereto, after a review of the medical records and other relevant materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action.

5.    Your affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

6.    The reviewing physician is a medical doctor licensed to practice medicine in all of its branches.

_____
LAWRENCE J. HESS

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 5th

day of _November_____, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

```
OFFICIAL SEAL
BEVERLY L. REDD-BATES
Notary Public - State of Illinois
My Commission Expires May 11, 2011
```

Page 2 of 2

## REPORT PREPARED PUSUANT TO 735 ILCS 5/2-622

    I am a physician licensed to practice medicine in all of its branches in the State of Illinois and Board Certified in Family Practice Medicine.  I have reviewed the medical and hospital records and other relevant data on **Pauline Pestka**  It is my professional opinion that there exists reasonable and meritorious cause for the filing of a professional negligence lawsuit against **Anwar Khan, MD.** The reasons for this determination are that **Dr. Khan** deviated from the standard of care by the following:

    He failed to include Dr. James Rushford's Discharge Instructions from the acute care admission regarding no active abduction exercises for six weeks in his admission orders to St.Elizabeth Hospital's  Inpatient Rehabilitation Center/Comprehensive Rehabilitation Unit, on  December 10, 2008.

This deviation from the standard of care caused or contributed to cause injury to Pauline Pestka.

Finley W. Brown, Jr., MD
2511 North Kedzie Avenue
Chicago, IL 60647

Date: _July 1_ , 2010